Submitted July 12, reversed and remanded as to *Brady* claim; otherwise affirmed August 16, 2017; petition for review denied February 1, 2018
(362 Or 482)

### RICHARD EUGENE EVETT,
*Petitioner-Appellant,*

*v.*

### Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
1405850P; A160225

403 P3d 546

Jed Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and DeHoog, Judge, and Wollheim, Senior Judge.

## PER CURIAM

Petitioner in this post-conviction case appeals a judgment in favor of the superintendent on all of his post-conviction claims based on the post-conviction court's grant of summary judgment in favor of the superintendent on all of those claims. In the underlying criminal case, petitioner entered a guilty plea and, in 2011, the trial court entered a judgment sentencing him to a term of probation. Soon thereafter, petitioner appeared before the court for a probation violation hearing and, in February 2012, the court revoked petitioner's probation and sentenced him to a term of imprisonment. The trial court's judgment was affirmed on direct appeal and petitioner later sought post-conviction relief, which was denied. Petitioner then filed the petition for post-conviction relief at issue in this case. In his petition for post-conviction relief, petitioner alleged that (1) his trial counsel was inadequate for failing to ensure that petitioner's criminal history was correctly calculated; (2) the state engaged in prosecutorial misconduct in compiling petitioner's criminal history; and (3) the state committed a *Brady*[1] violation by failing to produce certain evidence at his probation revocation hearing.

The superintendent moved for summary judgment asserting that petitioner's claims relating to inadequate assistance of counsel and prosecutorial misconduct were untimely and successive. However, the superintendent did not challenge petitioner's *Brady* claim, stating that he did "not take issue with the timeliness or initial appearance" of that claim and did "not ask that [that claim] be dismissed by way" of his summary judgment motion. The post-conviction court determined that the petition was time barred and successive, granted the superintendent's motion for summary judgment, and entered judgment against petitioner on all of his claims, including the *Brady* claim.

On appeal from the resulting judgment, petitioner contends that the post-conviction court erred in granting summary judgment on any of his claims. We reject without discussion petitioner's contentions regarding his ineffective

---

[1] *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963).

assistance of counsel and prosecutorial misconduct claims. As to his *Brady* claim, petitioner asserts that he sufficiently alleged a *Brady* claim that was properly raised in post-conviction, and that the post-conviction court erred in granting summary judgment in favor of the superintendent on that claim. The superintendent observes that he did not seek summary judgment on petitioner's *Brady* claim, and concedes that the post-conviction court erred in *sua sponte* granting summary judgment and entering judgment against petitioner on that claim. We agree and accept the concession. Accordingly, we reverse and remand as to that claim and otherwise affirm the post-conviction court's judgment.

Reversed and remanded as to *Brady* claim; otherwise affirmed.